IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| J.C, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 10-1204-CV-W-ODS |
| KLS MARTIN, L.P., | ) |
| Defendant. | ) |

**ORDER AND OPINION GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT (DOC. 63)**

Defendant moves for summary judgment. The motion is granted in part and denied in part.

## I. BACKGROUND

The Court provided the factual background in its recent order dealing with expert testimony. Order, Doc. 76, pp. 1–2. Pending is Defendant KLS's motion for summary judgment on Plaintiffs' claims of negligent manufacture of the distractor, strict products liability, and breach of the implied warranties of merchantability and fitness for a particular purpose.

## II. DISCUSSION

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### (1) Failure to Warn

KLS argues it is entitled to summary judgment on Plaintiffs' strict liability and negligent failure to warn claim. KLS relies on the warning it provided in the brochure accompanying the distractor, which includes step-by-step instructions for surgically implanting the device. (KLS asserts Dr. Singhal acted as a "learned intermediary" between it and Plaintiffs, such that its warning to him is deemed a warning to Plaintiffs.) The warning is contained in those instructions, which state in relevant part:

> 5) Prepare KLS microdistractor by cutting off excess plates so that there are 3 to 4 holes available for screw fixation.
>
> 6) The micro plates can be bent to ensure good bone contact.
> \* CAUTION: extreme care must be taken to protect the welds during the bending procedure. Place one plate bender (25-486-13) next to weld and use other bender to modify the plate.

In step 6, KLS's warned Dr. Singhal to take extreme care to "protect the welds *during the bending procedure*" (emphasis added). But Plaintiffs have presented evidence (which KLS does not dispute) that the weld failed because of bending that occurred during step 5—the *cutting* procedure. Although KLS characterizes these two steps as "a single process," Suggestions in Reply, Doc. 74, p. 8, Dr. Singhal described it as steps in a sequence, a description more consistent with KLS's brochure. The warning in step 6 expressly applies to the bending procedure and says nothing protecting the weld during the cutting procedure.

KLS nevertheless contends it is entitled to summary judgment on Plaintiffs' failure to warn claim because when Dr. Singhal was asked whether KLS provided warnings about excessive bending of the plates, Dr. Singhal responded, "Yes. They have told us from the very beginning that if you bend a plate excessively you would break them or snap them off, so we are very aware of it." KLS asserts "there is no basis to suggest that Dr. Singhal was somehow unaware of the risk of excessive bending when cutting." Suggestions in Reply, Doc. 74, p. 8. But Dr. Singhal's other testimony

2

suggests this warning was provided in the context of the bending procedure (which is how it is expressed in KLS's brochure), not the cutting procedure. Dr. Singhal testified he performed the surgeries the same way each time, and in JC's case, he used KLS's bending forceps to protect the weld during the bending procedure but not the cutting procedure. He also testified that during JC's surgery he did nothing that was inconsistent with KLS's instructions.

KLS lastly argues with respect to Plaintiffs' failure to warn claim that Dr. Singhal should have known to use plate benders while cutting the device because the risk of weld failure was obvious. KLS characterizes Dr. Singhal's failure to do so as "contrary to common sense." Suggestions in Reply, Doc. 74, p. 4. But there is evidence Dr. Singhal reasonably did not expect such a procedure was necessary. KLS's brochure only mentioned weld protection in the context of the bending procedure. Dr. Singhal performed distraction procedure for several years, following the same sequence every time (according to him), and he had never experienced failure of a distractor's post-plate weld. And a KLS representative always (or frequently) attended the distraction surgeries, and they never told Dr. Singhal he was doing anything incorrect when cutting the bone fixation plates.[1] Whether Dr. Singhal should have known to use the bending pliers (or other instruments known as forceps or plate benders) during the cutting procedure is a disputed issue of fact, precluding summary judgment on Plaintiff's failure to warn claims.

### (2) Strict Liability: Design Defect and Reasonably Anticipated Use

KLS also contends the distractor device was not used by Dr. Singhal in a manner reasonably anticipated. *See* Mo. Ann. Stat. § 537.760(2). KLS argues "it is not reasonable to have anticipated that Dr. Singhal would ignore the clear warning and instructions as to how to properly bend and cut the distractor's fixation plates."

---

[1] Even after the complaint in this case was filed, KLS had not informed Dr. Singhal that it believed the weld failed because he neglected to use plate benders to protect the weld while cutting, and it is unclear whether KLS has ever directly informed Dr. Singhal of its belief.

3

Suggestions in Support, Doc. 61, p. 36. But as already discussed, the warnings and instructions were not "clear." And even if Dr. Singhal misused the device by bending the distal bone plate without plate benders during the cutting procedure, a reasonable jury could conclude this misuse was objectively foreseeable to KLS in light of the instructions in the brochure (only warning to protect the weld during the bending procedure), the presence of a KLS representative during every or most of Dr. Singhal's surgeries, and Dr. Singhal's testimony that he followed the same sequence in modifying the device during every surgery. *See Nesselrode v. Executive Beechcraft, Inc.*, 707 S.W.2d 371, 381 (Mo. 1986) ("The concept of reasonably anticipated use, however, includes misuse and abnormal use which is objectively foreseeable" (citation omitted).) This holding also disposes of KLS's argument it is entitled to summary judgment on the issue of causation.

KLS next argues Plaintiffs have no evidence the distractor was defective because Dr. Dobbs' opinion is inadmissible as expert testimony. The Court rejected this argument in its order denying KLS's motion to exclude testimony. Order, Doc. 76, pp. 3-8. KLS is not entitled to summary judgment on Plaintiffs' strict liability claim.

### *(3) Negligent Manufacturing*

Plaintiffs' complaint alleges KLS was negligent in manufacturing the device. KLS contends it is entitled to summary judgment because Plaintiffs have no evidence to support this claim. Plaintiffs do not oppose this argument, and in the Eighth Circuit "failure to oppose a basis for summary judgment constitutes waiver of that argument." *Satcher v. University of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 735 (8th Cir. 2009). KLS is granted summary judgment on Plaintiffs' claim that KLS was negligent in manufacturing the device.

Plaintiffs' complaint also alleges KLS was negligent in the following ways: failing to exercise ordinary care to discover the defective implant and remove the dangerous and unsafe condition; and failing to give notice and warning of the unsafe and dangerous condition caused by the faulty implants. These appear to be theories of

4

relief separate from the claim of negligent manufacturing, and KLS has not moved for summary judgment on them, so they remain pending.

*(4) Implied Warranties*

Some of KLS's arguments for summary judgment on Plaintiffs' implied warranty claims have been addressed already (e.g., that Dr. Singhal was adequately warned to use plate benders while cutting the device). As for those arguments that have not been considered, KLS first contends it is entitled to summary judgment because it did not sell the distractor device to Plaintiffs—it sold it to the hospital where the procedure was performed. Plaintiffs counter with *Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 129 (Mo. 2010), which noted "a remote purchaser may bring suit against the manufacturer for breach of implied warranties" (citations omitted). In response, KLS does not acknowledge *Renaissance Leasing* or its principle of law, or offer any contrary authority. The Court holds that Plantiffs' status as remote purchasers does not preclude KLS from being liable for breach of implied warranties.

Next, KLS argues it is entitled to summary judgment on Plaintiffs' implied warranty claims because Plaintiffs have no evidence they relied on any representations by KLS. But reliance is not an element of a claim for breach of the implied warranty of merchantability, so KLS's argument in that respect is denied. *See* Mo. Ann. Stat. § 400.2-314 (stating when warranty of merchantability is implied); Missouri Approved Instructions 25.08 (stating elements of merchantability claim); *see also Matulunas v. Baker*, 569 S.W.2d 791, 795 n.2 (Mo. Ct. App. 1978 (noting cases holding reliance not an element of merchantability claim); 3 Anderson U.C.C. § 2-314:158 (3d. ed.) (stating reliance not required).

Reliance does however arise in the context of the implied warranty of fitness for a particular purpose (although not reliance on *representations*). This implied warranty involves a seller with reason to know "the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." Mo. Ann. Stat. § 400.2-315. The undersigned has granted summary judgment to a drug manufacturer on an implied

5

Case 4:10-cv-01204-ODS   Document 77   Filed 02/27/12   Page 5 of 6

warranty of fitness claim (and other claims) because "[t]he record conclusively demonstrate[d] [the plaintiff] [could not] establish the reliance required for these claims": "the buyer never read any material regarding the drug or side effects, read any advertising in making her decision to take the drug, or relied on any written or oral statements from [the manufacturer] in 'deciding' to 'buy' [the drug]." *Lachance v. American Home Products Corp.*, No. 01–0890–CV–W–ODS, 2006 WL 89850, at *3 (W.D. Mo. 2006). Like the plaintiff in *Lachance*, Plaintiffs have not presented any evidence of reliance. KLS is granted summary judgment on Plaintiffs' claim KLS breached the implied warranty of fitness for a particular purpose.

### III. CONCLUSION

KLS is granted summary judgment on Plaintiffs' claims of negligent manufacturing and breach of the implied warranty of fitness for a particular purpose. In all other respects, KLS's motion for summary judgment is denied.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 27, 2012　　　　　　　　UNITED STATES DISTRICT COURT