IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| J.C, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 10-1204-CV-W-ODS |
| ) | |
| KLS MARTIN, L.P., ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION (1) GRANTING MOTION IN LIMINE (DOC. 80), AND (2) GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE (DOC. 82)**

Defendant KLS moves to exclude evidence that Plaintiff JC sustained a punctured lung during a surgery to remove the distractor devices. This motion is granted. KLS also moves to exclude evidence of damages caused by JC's preexisting condition and any pain and suffering JC may have experienced during the distraction procedure. This motion is granted in part and denied in part.

I. BACKGROUND

The Court provided a factual background in its Order dealing with expert testimony. Order, Doc. 76, pp. 1–2. JC was born June 1, 2009, with a severe case of Pierre Robins Sequence. On June 9 a bilateral mandibular distraction procedure was performed to correct the disorder.

This procedure involved implanting two distraction devices on JC's mandible. It contemplated JC returning for a final surgery to remove the devices once the distraction process was complete and the newly-formed bone had hardened. Plaintiff Courtney Cox (JC's mother) anticipated JC would be discharged approximately 1 week after the distraction devices were implanted.

But before JC was discharged, an X-ray revealed that the distraction device on the right side of JC's mandible had broken. The device had to be surgically removed

and replaced.  JC was discharged on or about June 30.

The final surgery to remove the devices (after distraction and hardening) was performed August 24.  During that surgery a breathing tube punctured JC's lung.

## II.  DISCUSSION

Plaintiffs' remaining claims after summary judgment are strict products liability, negligence, and breach of the implied warranty of merchantability.  These claims all require Plaintiffs to demonstrate causation.  *See Bone v. Ames Taping Tool Systems, Inc.*, 179 F.3d 1080, 1081 (8th Cir. 1999).  KLS's motions in limine relate to the element of causation.

### *(A) Pain and Suffering*

KLS seeks to exclude from trial lay testimony that JC experienced pain and suffering as a result of the distractor body separating from the distal plate.  There are really two parts to KLS's argument.  The first issue is whether JC experienced pain or suffering at all.  The second issue is whether causation between the broken device and the pain and suffering can be established without expert testimony.

With respect to the first issue, Plaintiffs assert that the fact pain was caused by surgery and the distraction process (which was extended by the broken device) falls within the realm of lay understanding.  Plaintiffs' assertion suggests the jury can find JC experienced pain and suffering based merely on the fact he underwent surgery and distraction.  The Court does not agree.  But Plaintiffs also assert evidence exists that Mr. and Mrs. Cox and Dr. Singhal observed JC's pain and discomfort associated with the device breaking.  This would be sufficient for the jury to find JC experienced pain and suffering.

With respect to the causation issue, KLS cites Missouri law in support of its argument that expert evidence is necessary to prove causation.  Although admissibility of evidence is governed by federal law, *US Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d

2

687, 691 (8th Cir. 2009), the Eighth Circuit has held that Missouri tort law "defines the permissible inferences that a jury may draw from properly admitted evidence and the strength of the inference required to create a triable question as to product defect and causation," *Hickerson v. Pride Mobility Products Corp.*, 470 F.3d 1252, 1258 n.3 (8th Cir. 2006). Whether expert testimony is necessary to prove causation in this case is therefore governed by Missouri law.

KLS argues that evidence of pain JC experienced as a result of the device's failure (as opposed to pain from the distraction process generally) is not within the realm of lay understanding. To prove JC suffered pain attributable to the broken distractor, KLS contends Plaintiffs must present "evidence regarding the nerve development of newborns' mandibles because they differ in sensitivity from adults' mandibles." Suggestions in Support, Doc. 83, p. 7.

In Missouri an expert's opinion is required to prove that a defendant's conduct caused a sophisticated injury, such as emotional distress. *See Soper v. Bopp*, 990 S.W.2d 147, 157 (Mo. Ct. App. 1999). But expert testimony is not necessary in cases where a sudden onset of an injury occurs. *Id.* In these cases, "the injury develops coincidentally with the negligent act." *Crawford ex rel. Crawford v. Shop 'N Save Warehouse Foods, Inc.*, 91 S.W.3d 646, 652 (Mo. Ct. App. 2002).

"Generally, "[l]ocalized pain or soreness occurring immediately or with only short delay is sufficient to fit within the rule.'" *Williams v. Jacobs*, 972 S.W.2d 334, 341 (Mo. Ct. App. 1998) (citation omitted). But "[g]eneralized pain . . . [is] not covered by the sudden onset rule." *Id.* at 341.

KLS argues no evidence of "immediate, localized pain" exists. Suggestions in Support, Doc. 83, p. 7. Plaintiffs do not respond directly to this contention except to assert (as noted before) that Mr. and Mrs. Cox and Dr. Singhal observed JC in pain associated with the device. The Court concludes this is sufficient to deny KLS the relief it seeks. Plaintiffs will be permitted to prove with lay evidence that JC experienced pain and suffering as result of the device's failure.

3

## (B) But-For Causation

KLS also argues that evidence of costs incurred and damages sustained by Plaintiffs that would have occurred regardless of the distraction device's failure is irrelevant and should be excluded from trial. Evidence is relevant if the fact it tends to prove is "of consequence in determining the action." Fed. R. Evid. 401(b). Plaintiffs' claims of negligence, strict products liability, and breach of the implied warranty of merchantability entitle them to compensation only for those injuries that would not have occurred *but for* the failure of the distraction device. *See Bone*, 179 F.3d at 1081.

KLS agrees Plaintiffs may introduce evidence of "the cost and any damages resulting from the distractor separation and the distractor replacement surgery on June 19, 2009." Suggestions in Support, Doc. 83, p. 3. This includes the cost of the replacement distractor and the surgery to substitute it for the broken one. This also includes the increase in the duration of the distraction process as a result of the broken device and Plaintiffs' evidence that JC was required to stay in the hospital for an extended period because of the second surgery.

Plaintiffs assert they are "not seeking damages for the necessary procedures and recovery periods associated with the implantation and explantation of the KLS distraction devices." Suggestions in Opposition, Doc. 92, p. 4. The Court therefore grants KLS's motion in limine to the extent it seeks to exclude evidence of damages for these procedures and periods.

KLS argues the Court should exclude evidence JC's lung was punctured during the third and final surgery when the distraction devices were removed (the explantation surgery). Plaintiffs counter that but for the device's failure JC would have undergone only two surgeries instead of three, so the device's failure was the but-for cause of the punctured lung. The Court does not agree with Plaintiffs' argument.

In order for the jury to find that the broken device was the cause of the punctured lung, there must be some proof that the punctured lung would not have occurred but for the broken device. Plaintiffs have not presented any such evidence. JC's lung was not punctured during the additional surgery necessitated by the broken device (the

4

replacement surgery). And Plaintiffs have not cited any proof that the intubation of the breathing tube during the replacement surgery increased the probability JC's lung would be punctured during subsequent intubations. Without at least an increase in this probability, there is nothing to permit the jury to find that the broken device contributed to the occurrence of the punctured lung. Evidence that JC suffered a punctured lung during the explantation surgery will be excluded at trial.

### III. CONCLUSION

The Court grants KLS's motion to exclude evidence that Plaintiff JC sustained a punctured lung during the explantation surgery. The Court grants in part and denies in part KLS's motion to exclude evidence of damages caused by JC's preexisting condition and any pain and suffering JC may have experienced during the distraction procedure. IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 11, 2012
UNITED STATES DISTRICT COURT