IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CHAD COX and COURTNEY COX, )
Individually and as Natural Guardians )
of J.C., )
 )
       Plaintiffs, )
 )
vs. ) Case No. 10-1204-CV-W-ODS
 )
KLS MARTIN, L.P., )
 )
       Defendant. )

## ORDER AND OPINION (1) GRANTING PLAINTIFFS' MOTION FOR ORDER REGARDING VALUE OF MEDICAL TREATMENT, (2) GRANTING DEFENDANT LEAVE TO PRESENT EXHIBITS OF AMOUNTS ACCEPTED BY MEDICAL PROVIDERS AND (3) GRANTING DEFENDANT LEAVE TO AMEND EXHIBIT LIST

The parties have filed competing motions predicated on section 490.715 of the Revised Missouri Statutes. The Court concludes that (1) Plaintiffs are permitted to present evidence of the amount billed by medical providers for the medical services rendered and (2) Defendant is permitted to present evidence of the amount accepted by those medical providers. Defendants is further granted leave to amend its Exhibit List to include business records from Children's Mercy Hospital.

The statute permits parties to "introduce evidence of the value of the medical treatment rendered to a party that was reasonable, necessary, and a proximate result of the negligence of any party." Mo. Rev. Stat. § 490.715.5(1). There is a "rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered." Id. § 490.715.5(2). At any party's request, the Court shall "determine . . . the value of the medical treatment rendered," but in no event shall evidence of the collateral source of any payments be made known to the jury. Id.[1]

---

[1] The statute does not require a hearing; it only requires that the Court "determine" the value of medical services. Even if the statute required a hearing, such a requirement would be procedural in nature and thus not binding in federal court.

While the statute directs the Court to "determine" the value of medical treatment, the Missouri Supreme Court has held this provision does not permit the Court to conclusively decide the amount of reasonable medical expenses. Deck v. Teasley, 322 S.W.3d 536, 541-42 (Mo. 2010) (en banc). Instead, the Court is only to decide whether the presumption has been rebutted; if it has been rebutted, all admissible evidence regarding value is presented to the jury "as if no presumption exists." Id. at 539-41. The presumption is rebutted if the plaintiff presents "substantial evidence," which is defined to be evidence that, if believed, has "probative force" on the issues. Id. at 540.

The statute provides a non-exhaustive list of factual matters to consider in determining whether the presumption has been rebutted, including (1) the medical bills incurred, (2) the medical bills paid, and (3) the unpaid amount that the plaintiff will be "obligated to pay to any entity" in the event of a favorable verdict. Other factors recognized, or testimony accepted, by Missouri courts as rebutting the presumption include: whether the amounts charged are customary and reasonable, whether the health care provider typically attempts to recover the full amount of the bill, and the extent to which the amount accepted represents the value of the medical services. Deck, 322 S.W.3d at 540-41; Wheeler v. Phenix, 335 S.W.3d 504, 518 (Mo. Ct. App. 2011); Montgomery v. Wilson, 331 S.W.3d 332, 340 (Mo. Ct. App. 2011).

Here, Plaintiffs have submitted an affidavit from Karen Austin, who is a billing records custodian at Children's Mercy Hospital. In her affidavit, Austin states that her job duties include "participat[ing] in the process of billing patients for various services" and that the amounts charged to Plaintiffs "are the amounts routinely charged by this facility during the relevant time period for the services described therein. These amounts are reasonable in that they are similar to and competitive with the amounts that similar medical facilities charge for similar services at this time and place." Austin's affidavit is very similar to the affidavits found acceptable in Wheeler. While there were nine such affidavits in Wheeler, the contents of those nine affidavits were similar. 335 S.W.3d at 518.

Defendant counters with two arguments, the first of which does not address the contents of Austin's affidavit. Defendant contends Plaintiffs failed to comply with

Missouri's statutory provisions governing the mechanics for submitting affidavits to rebut presumptions. Specifically, section 490.525.4 requires that affidavits used to rebut presumptions be provided to opposing counsel at least thirty days before trial commences. However, to the extent the statute purports to impose time limits or requirements, the statute is procedural and not substantive and is not controlling in federal court. In addition, since the filing of Defendant's response, the parties have agreed that the trial must be continued for reasons unrelated to this issue. Thus, Austin's affidavit has been filed within the time limits delineated in section 490.525.4.

Defendant's second argument contends Plaintiffs lack expert testimony that is necessary to demonstrate the reasonableness and necessity of the procedures themselves. Austin states the services were ordered by a doctor, which she is permitted to say -- but Austin is not a doctor and therefore is not qualified to state the services were medically necessary. Defendant is correct in arguing that Plaintiffs must prove the medical services were necessary in light of Defendant's conduct; Plaintiff's concede this point. E.g., Plaintiff's Suggestions in Support (Doc. # 104) at 5 n.2. However, this obligation arises at trial, not at this juncture. If no such evidence is presented at trial, then Plaintiffs cannot recover any medical expenses and evidence regarding the amount of the medical expenses becomes irrelevant and inadmissible. Plaintiffs' ability to recover medical expenses is not an issue before the Court; the only issue is this: assuming Plaintiffs are able to recover such expenses, may Plaintiffs offer the amounts originally billed as proof of the amount of those expenses? The Court answers this question in the affirmative.

Defendant's motion argues that if the Court concludes Plaintiffs are entitled to offer the original bills in evidence, then it must be allowed to offer evidence of the amount Children's Mercy Hospital accepted in satisfaction of the medical bills. On this point, the parties and the Court agree. Defendant's request to amend its Exhibit List to include relevant documents is granted.

Defendant also uses this argument as a vehicle to also argue that only medical records from the date the broken distraction device was discovered (June 18, 2009) to the date J.C. was discharged after the broken distraction device was repaired (June 30,

3

2009). Defendant bases its argument on the Court's April 11, 2012, Order, but that Order does not specifically address the "start date" for medical damages. Plaintiffs probably incurred few medical expenses for treating a condition that was not yet known to exist – particularly given that Plaintiffs are not seeking (and cannot recover) damages for the necessary procedures associated with the implantation and explantation of the distraction device. That said, it is possible there are such expenses: for instance, diagnostic tests designed to ascertain the problem might have been conducted before it was actually determined that the implant was defective. Regardless, while a contemporaneous objection based on relevance may be well-taken, the present motions are not the appropriate mechanism for resolving this issue.

The Court grants both parties' motions. The Court concludes the presumption described in section 490.715 of the Revised Missouri Statutes has been rebutted, and both sides may present the jury with evidence bearing on the reasonable value of Plaintiffs' medical expenses. Defendant is also granted leave to amend its Exhibit List to include documents obtained from Children's Mercy Hospital showing the insurance adjustments and the amounts accepted in full satisfaction of services provided to J.C..

IT IS SO ORDERED.

DATE: August 13, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT